IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-530

| LENA HUTTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STROHER VENTURES II, LLC, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to strike allegations from the complaint and motion to dismiss. Plaintiff has failed to respond to the motion, and the time for doing so has expired. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff, who proceeds *pro se*, initiated this action against defendant, her former employer, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1, *et seq.*; and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* Plaintiff alleges that, *inter alia*, she was discriminated against on the basis of her race, that she suffered from racial harassment, that she was retaliated against, and that she was wrongfully discharged.

In her complaint, plaintiff describes her work place, the conditions of her employment, and the circumstances giving rise to her allegations. Defendant seeks to strike some of the allegations in plaintiff's complaint as scandalous and immaterial. Defendant also seeks to dismiss plaintiff's claim for involuntary servitude insofar as one has been alleged.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

The Court has reviewed the material that defendant seeks to strike and finds those allegations to be within the *res gestae* of plaintiff's claims. The motion to strike is denied.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A fair reading of plaintiff's complaint does not reveal that she has alleged a claim for involuntary servitude in violation of the Thirteenth Amendment. Although she has titled one section of her allegations "Personal Acts of Servitude," her claims against defendant are clearly and plainly set forth in counts I through V. The request to dismiss such a claim is therefore DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, defendant's motion to strike [DE 11] is DENIED and motion to dismiss [DE 11] is DENIED AS MOOT.

SO ORDERED, this __6__ day of April, 2020.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE